# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Westchester
-----------------------------------------------------------------x
232 Dune Road, LLC,

                        Plaintiff/Petitioner,

  - against -                                     Index No. 58747/2020

Scottsdale Insurance Company, ISU John C.
Conklin Agency, Gerard K. Quinn,

                        Defendant/Respondent.
-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> **have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

    - serving and filing your documents electronically
    - free access to view and print your e-filed documents
    - limiting your number of trips to the courthouse
    - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 8/19/2020

Michael Fahey, Esq.
_____
Name

Bartels & Feureisen, LLP
_____
Firm Name

1025 Westchester Ave, Suite 402
_____

White Plains, NY 10604
_____
Address

914-681-7175
_____
Phone

michaelfahey@bfllp.net
_____
E-Mail

To:   Scottsdale Insurance Company

ISU John C. Conklin Agency

Gerard K. Quinn

2/24/20

Index #          Page 2 of 2          EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Index No.: 58747/2020
Date Filed: August 19, 2020

----------------------------------------X

232 DUNE ROAD, LLC,

                        Plaintiff,

- against –
SCOTTSDALE INSURANCE COMPANY, ISU JOHN
C. CONKLIN AGENCY, GERARD K. QUINN,

                        Defendants.
----------------------------------------X

## SUMMONS

Plaintiff designates
Westchester County as the
place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
101 South Bedford Road
Mount Kisco NY 10549

## To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  White Plains, New York
         August 19, 2020

                                        Yours,
                                        BARTELS & FEUREISEN, LLP

                                        Michael Fahey, Esq.
                                        1025 Westchester Avenue, Suite 402
                                        White Plains, New York 10604
                                        Tel: (914) 681-7175
                                        *Attorneys for Plaintiff*

TO:    SCOTTSDALE INSURANCE COMPANY
          One West Nationwide Boulevard 1-04-701
          Columbus, OH 43215

          ISU JOHN C. CONKLIN AGENCY
          746 River Road
          New Milford, New Jersey 07646

          GERARD K. QUINN
          746 River Road
          New Milford, New Jersey 07646

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X
232 DUNE ROAD, LLC,

                Plaintiff,                         Index No. 58747/2020

    - against –                                  COMPLAINT

SCOTTSDALE INSURANCE COMPANY, ISU JOHN
C. CONKLIN AGENCY, GERARD K. QUINN,

                Defendants.
---------------------------------------------------------------X

        Plaintiff 232 Dune Road, LLC ("232 Dune"), by its attorneys Bartels & Feureisen, LLP, alleges against Defendant Scottsdale Insurance Company ("Scottsdale") and ISU John C. Conklin Agency ("Conklin"), and Gerard K. Quinn ("Quinn") as follows:

### Introduction

        1.     This action arises out of an ongoing time is of the essence, from the ground up construction project of a multi-million dollar luxury oceanfront home in the Hamptons at 232 Dune Road, Quogue, New York.

        2.     The concrete purchased by Plaintiff for the home's foundation and piers required a minimum design strength of 4,000psi in order to comply with the minimum design strength required by the structural engineer of record and NYS Building Code(s) and standards in the industry. Following the installation of the concrete, Plaintiff 232 Dune's testing revealed that the concrete installed grossly failed to hold the loads required to support the structure designed by the structural engineer and to meet required industry standards and New York State Building Code(s). Accordingly, for the safety of the project, construction had to be halted. The existing completed structure was required to be shored up. The defective concrete must be demolished and removed. New concrete, replacing the defective concrete, meeting the loads required to

1

support the structure designed by the structural engineer, required by industry standards and New York State building code(s) must be installed. 232 Dune has sustained financial losses in excess of $500,000. 232 Dune's losses also include additional engineering and testing costs, costs due to project delays and attorney fees.

3. Through Defendant Quinn's efforts, Plaintiff 232 Dune retained Defendant Conklin for the purpose of procuring insurance for this high end construction project to protect the insured's interest in and cover loss to materials, fixtures and/or equipment prior to undertaking construction. Defendant Scottsdale issued Homeowners Policy No. HOS1279122 ("the Policy"). The Policy period is March 5, 2020 through March 5, 2021. (A copy of the Policy is annexed hereto as Exhibit A and incorporated by reference herein). The Policy provides Builders Risk Coverage for Ground Up Construction protecting the insured's interest in loss to materials, fixtures and/or equipment. The Policy provides, inter alia, $3,300,000 in coverage for the dwelling, and $1,000,000 for premises liability. Plaintiff 232 Dune paid the required premium and the policy was delivered to Plaintiff 232 Dune.

4. On July 28, 2020, Plaintiff 232 Dune properly submitted a claim to Defendant Scottsdale through its broker, Defendant Gerard K. Quinn of Defendant ISU John C. Conklin 746 River Road, New Milford New Jersey 07646, due to the defective concrete.

5. On July 29, 2020, Defendant Scottsdale's employee Monique Moore sent an email to Plaintiff 232 Dune denying its defective concrete claim. Her email states:

> "…there is no coverage for the defective concrete claim you filed referenced above. Please refer to your Policy HO 00 03 version 5/2011 – Homeowners 3 – Special Form – Section 1 – Exclusions – Section B Number 3 which is titled "faulty, inadequate or defective"."

2

6. The exclusion referenced in paragraph 5 above does not exist. Defendant Scottsdale's representative inexplicably based the denial on a purported exclusion which is **not in the Policy.**

7. On July 29, 2020 Defendant Quinn stated to Michael Gaetano (principal of Plaintiff 232 Dune) in an email:

> "I reviewed the copy of the Policy that we have… I was unable to locate the section referenced by Monique."

8. Defendant Scottsdale has breached its obligations to Plaintiff and is acting in bad faith by failing and refusing to cover the claim submitted under the Policy to pay 232 Dune for substantial losses suffered as a result of its covered defective concrete claim.

## The Parties

9. Plaintiff 232 Dune is a domestic limited liability company with its principal place of business at 101 South Bedford Road, Mount Kisco, New York 10549. It owns the covered property that is the subject of this action.

10. Upon information and belief, defendant Scottsdale is a foreign corporation, with its principal place of business located at One West Nationwide Boulevard 1-04-701, Columbus, Ohio 43215 and is licensed and/or registered to conduct business in the State of New York.

11. Upon information and belief Defendant ISU John C. Conklin is a foreign corporation with its principal place of business located at 746 River Road New Milford New Jersey 07646 and is licensed and/or registered to conduct business in the State of New York.

12. Upon information and belief, Gerard K. Quinn is an employee and/or principal of Conklin and licensed and/or registered to conduct business in the State of New York.

13. At all times relevant herein, Defendant Conklin was an insurance agent acting on behalf of its principal in the procurement of the Policy.

14. At all times relevant herein, Defendant Conklin was an insurance broker who provided brokerage services for 232 Dune for the procurement of the Policy.

15. At all times relevant herein, Defendant Quinn was an insurance agent acting on behalf of its principal.

16. At all times relevant herein, Defendant Quinn was an insurance broker who provided brokerage services for 232 Dune for the procurement of the Policy.

### Jurisdiction and Venue

17. This Court has jurisdiction over this action under CPLR 301 and Judiciary Law § 140-b.

18. Venue is proper in this county under CPLR 503 because, among other things, Plaintiff 232 Dune maintains its principal place of business in Westchester County.

### Facts Relevant to All Causes of Action

19. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. On or about February 5, 2020, 232 Dune entered into a contract with non-party Priority Concrete Inc. ("Priority"), 51 Smithtown Polk Boulevard, Centereach New York, to perform the following work:

> Contractor to install all reinforced concrete grade beam foundations on wood piles by others, reinforced concrete slabs, reinforced concrete piers, anchor bolts, and leveling platos supplied by others. Contractor is responsible for all layout and

placement of anchor bolts from owner supplied site stake out offsets and elevation bench marks.

21. Priority began the concrete work on or about June 2, 2020.

22. Priority had responsibility for and control of the means and methods of the concrete it was required to supply install pursuant to drawings, specifications, codes and standards under the Contract.

23. On or about June 18, 2020, Priority completed its concrete work under the Contract.

24. In accordance with its normal procedures, 232 Dune Road had a licensed and duly qualified testing laboratory perform testing of the concrete supplied and installed by Priority. The test results determined that the concrete installed by Priority was grossly defective as the load capacity of the concrete failed to comply with the minimum design strength required by the structural engineer of record, industry standards and applicable New York State Building Code(s).

25. On July 29, 2020, 232 Dune Road notified Priority that the concrete was defective and had to be removed and replaced, and that for the safety of the project construction had to be shut down.

26. Priority has failed and refused to take any measures to correct and/or pay for the damages caused by installing the defective concrete.

27. This is a time is of the essence project. 232 Dune is incurring substantial losses including financial damages, testing costs and attorney fees for each day of delay caused by the defective concrete conditions.

5

28. On July 28, 2020 Plaintiff submitted its claim for defective concrete to Defendant Scottsdale through Defendant Quinn of the Defendant Conklin.

29. On July 29, 2020 232 Dune Road's defective concrete claim was denied by Defendant Scottsdale on the basis that:

> "...there is no coverage for the defective concrete claim you filed referenced above. Please refer to your policy HO 00 03 version 5/2011 – Homeowners 3 – Special Form – Section 1 – Exclusions – Section B Number 3 which is titled faulty, inadequate or defective."

30. The Scottsdale policy purchased by Plaintiff and delivered to Plaintiff by Defendant Conklin on behalf of Scottsdale does not contain the exclusion referenced in paragraph 24 above. Accordingly, Scottsdale's denial of the **concrete** claim is without basis.

## Causes of Action Against Scottsdale

### Count I (Declaratory Judgment)

31. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 as if fully set forth herein.

32. Scottsdale has failed and refused to provide coverage to Plaintiff for its loss related to the defective concrete, which is a covered loss under the Policy.

33. By reason of the foregoing, an actual and justiciable controversy exists between Plaintiff and Scottsdale regarding Scottsdale's obligations to provide the coverage to Plaintiff for its loss.

34. Plaintiff 232 Dune is entitled to a judicial declaration from this Court that: (i) Scottsdale is obligated to perform its contractual obligations to Plaintiff under the Policy, and (ii) that Plaintiff is entitled to coverage under the Policy for the full amount of the loss.

## Count II (Breach of Contract)

35. Plaintiff repeats and re-alleges paragraph 1 through 34 as if fully set forth herein.

36. Scottsdale has breached its obligations to Plaintiff under the Policy by failing and refusing to pay the full amount of Plaintiff's covered Loss.

37. By reason of Scottsdale's breaches, Plaintiff has been deprived of the benefits it bargained for and which are due and owing under the Policy.

38. Plaintiff, 232 Dune, therefore, is entitled to an award of compensatory damages, consequential damages, pre-and post-judgment interest, and attorneys' fees and costs in an amount to be proven at trial.

## Count III (Violation of the Duty of Good Faith and Fair Dealing)

39. Plaintiff repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. Scottsdale is required to act in good faith, abstain from deception, and practice honesty and equity in all dealings with its policyholders, including 232 Dune, under the insurance policies it sells.

41. The business of insurance always affects the public interest.

42. Scottsdale owes a covenant of good faith and fair dealing to 232 Dune in light of the insurance relationship created by the Policy.

43. The covenant of good faith and fair dealing obligates each party to the contract to refrain from taking any action that would deprive the other of benefits of the contract, or to cause undue hardship or harm to the other party.

44. Scottsdale's conduct constitutes bad faith. Specifically, Scottsdale acted in bad faith with respect to 232 Dune by and through its unreasonable, malicious, reckless or intentional failure and refusal to pay 232 Dune the benefits to which they are entitled under the Policy.

7

45. In violation of its duties to 232 Dune, Scottsdale acted in bad faith by:

   a. Unreasonably, maliciously, recklessly, or intentionally denying its obligations to pay benefits to 232 Dune when it knew or should have known it had an obligation to provide insurance coverage;

   b. Failing and refusing to pay the Loss without a reasonable basis with the knowledge or reckless disregard of its lack of a reasonable basis;

   c. Unreasonably, maliciously, recklessly, or intentionally delaying payment of the insurance proceeds due and owed 232 Dune under the Policy.

   d. Failing to conduct a fair, complete and proper investigation of 232 Dune's claim before purporting to deny coverage without even the appearance of an investigation;

   e. Purporting to deny Plaintiff's claim within one day of it being submitted;

   f. Attempting to avoid liability relying on an exclusion which is not on the Policy;

   g. Otherwise acting intentionally, maliciously, unreasonably, or recklessly in denying 232 Dune Road's benefits owed under the Policy.

46. The entire array of bad faith actions and omissions on the part of Scottsdale set forth in the preceding paragraph is the type of egregious disregard for the obligations specified by the standard form Policies and the rights entitled to all insured's under Scottsdale's standard form ground up builders risk policies as to require the imposition of punitive and consequential damages.

47. Upon information and belief, Scottsdale's egregious bad faith conduct described above and directed at 232 Dune was part of a pattern of similar conduct directed at the public generally.

48. Upon information and belief, Scottsdale's bad faith conduct described above was engaged in for the purposes of placing its own pecuniary interests ahead of those of 232 Dune, its policyholders, and for withholding from 232 Dune the rights and benefits to which they are entitled under the Policy.

49. As a result of Scottsdale's bad faith breach of its obligations under the Policy, 232 Dune has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, including but not limited to amounts they incurred for delay damages, demolition costs, expert testing costs, and attorneys' fees.

50. As a result, Plaintiff is entitled to an award of compensatory damages, consequential damages, punitive damages, pre- and post-judgment interest, attorneys' fees, and costs.

## Causes of Action Against Conklin and Quinn

### Count I (Breach of Contract)

51. 232 Dune repeats and re-alleges paragraph 1 through 50 of the Complaint as if fully set forth herein.

52. 232 Dune contracted with Conklin to procure adequate insurance for this high end construction project including protecting the insured's interest from any loss to materials, fixtures and/or equipment

53. 232 Dune performed all of its duties under the agreement.

54. Conklin breached its contract by failing to procure adequate insurance coverage for the 232 Dune Road ground up high end construction project including protecting the insured's interest from any loss to materials, fixtures and/or equipment.

9

55. As a result of Conklin's breach of its contract, 232 Dune suffered and will continue to suffer significant damages.

56. Conklin's breach of its contract with 232 Dune has actually and proximately caused damage to it in an undetermined amount to be proven at trial.

### Count II (Negligence)

57. 232 Dune repeats and re-alleges paragraph 1 through 56 of the Complaint as if fully set forth herein.

58. At all relevant times, Conklin was aware and understood that it was providing insurance brokerage services to 232 Dune.

59. Defendant Conklin owed 232 Dune a duty to act reasonably, and among other things: (a) make a reasonable level of inquiry into the covered property, (b) advise 232 Dune in the purchase of insurance for this high end construction project; (c) to assure that the coverage required by 232 Dune was obtained and (d) advise 232 Dune as to the terms of the insurance policy, needed to cover any loss resulting from this high end construction project.

60. Conklin breached its duties to 232 Dune by failing to, among other things: (a) procure insurance which covered any loss resulting from defective building materials; (b) advise 232 Dune reasonably in the purchase of adequate insurance; and (c) procure coverage required by 232 Dune.

61. As a result of Defendant Conklin's breach of its duties, 232 Dune has suffered, and will continue to suffer, significant damages.

62. Conklin's negligence has actually and proximately caused damage to 232 Dune in an amount to be determined at trial.

## Count III (Professional Malpractice)

63. 232 Dune repeats and re-alleges paragraph 1 through 62 of the Complaint as if fully set forth herein.

64. A special relationship existed between Conklin and 232 Dune.

65. 232 Dune informed Conklin that it needed to buy and had bought insurance that would insure against the insured's interest in any loss to materials, fixtures and/or equipment including an amount that would cover the full demolition and repair and other costs caused by the replacement of the substandard concrete installed by Priority in this instance, and that it needed to be covered by the proceeds from the insurance policy. Prior to purchasing the policy 232 Dune informed Conklin that it was hiring Conklin due to their expertise and so that Defendant Conklin would assure that 232 Dune had the adequate amount of insurance needed to cover any loss 232 Dune may incur in this high end construction project including the insured's interest in any loss to materials, fixtures and/or equipment.

66. Conklin owed a duty to 232 Dune to perform as its insurance agent and broker and to professionally provide those services with a degree of care and competence generally expected of a reasonably skilled member of the profession.

67. 232 Dune reasonably relied upon the Conklin to act in a manner consistent with the standard of care for an insurance agent and broker.

68. 232 Dune specifically relied upon Conklin to ensure that they purchased the proper amount of insurance coverage for the 232 Dune Road project.

69. Conklin grossly departed from the standard of care expected of members of its profession.

11

70. As a direct and proximate result of Conklin's professional malpractice, 232 Dune has suffered, and will continue to suffer, damages in an amount to be determined at trial.

## Prayer for Relief

WHEREFORE, PLAINTIFF REQUESTS the following relief:

### Scottsdale

a) Enter declaratory judgment on Count I in favor of Plaintiff and against Scottsdale, including a declaration that: (i) Scottsdale is obligated to perform its contractual obligations under the Policy, (ii) Plaintiff is entitled to coverage for the full amount of its Loss, and (iii) Scottsdale must pay money to Plaintiff consistent with such declaratory judgment, in an amount to be determined by the Court, including pre- and post- judgment interests, costs, attorneys' fees and other relief as this Court may deem appropriate;

b) Enter judgment on Count II in favor of Plaintiff and against Scottsdale in an amount to be determined by the Court, including compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, costs, and other relief as this Court may deem appropriate.

c) Enter judgment on Count III in favor of Plaintiff and against Scottsdale in amount to be determined by the Court, including compensatory damages, consequential damages, punitive damages, pre-and post-judgment interest, attorneys' fees, costs and other relief as this Court may deem appropriate.

### Conklin - Quinn

a) On All Causes of Action: Compensatory, direct and consequential damages in an amount to be determined at trial;

b)  On all Causes of Action: (i) pre- and post-judgment interest; (ii) costs, disbursements and attorneys' fees; and (iii) such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all counts so triable.

Dated: August 19, 2020
White Plains, New York

Respectfully Submitted,

BARTELS & FEUREISEN, LLP

Michael Fahey, Esq.
1025 Westchester Avenue, Suite 402
White Plains, New York 10604
Tel: (914) 681-7175
*Attorneys for Plaintiff*

13



# NYSCEF - Westchester County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 08/19/2020 08:57 AM. Please keep this notice as a confirmation of this filing.

**58747/2020**
**232 Dune Road, LLC v. Scottsdale Insurance Company et al**
**Assigned Judge: None Recorded**

## Documents Received on   08/19/2020 08:57 AM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |
|   | Summons and Complaint |

## Filing User

Michael Fahey | michaelfahey@bfllp.net | 914-681-7175
1025 Westchester Avenue Suite 402, White Plains, NY 10601

## E-mail Notifications

An email regarding this filing has been sent to the following on 08/19/2020 08:57 AM:

**MICHAEL FAHEY - michaelfahey@bfllp.net**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | Scottsdale Insurance Company | No consent on record. |
| Respondent | ISU John C. Conklin Agency | No consent on record. |
| Respondent | Gerard K. Quinn | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Timothy C. Idoni - http://www.westchesterclerk.com**
Email: e-file@westchestergov.com

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile



# NYSCEF - Westchester County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 08/19/2020 10:21 AM. Please keep this notice as a confirmation of this filing.

**58747/2020**
**232 Dune Road, LLC v. Scottsdale Insurance Company et al**
**Assigned Judge: None Recorded**

## Documents Received on 08/19/2020 10:21 AM

| Doc # | Document Type |
|---|---|
| 2 | LETTER / CORRESPONDENCE TO JUDGE |
|   | Notice of Electronic Filing |

## Filing User

Michael Fahey | michaelfahey@bfllp.net | 914-681-7175
1025 Westchester Avenue Suite 402, White Plains, NY 10601

## E-mail Notifications

An email regarding this filing has been sent to the following on 08/19/2020 10:21 AM:

**MICHAEL FAHEY - michaelfahey@bfllp.net**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | Scottsdale Insurance Company | No consent on record. |
| Respondent | ISU John C. Conklin Agency | No consent on record. |
| Respondent | Gerard K. Quinn | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Timothy C. Idoni** - http://www.westchesterclerk.com
Email: e-file@westchestergov.com

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile